IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANJI REDDY BODANA, D.V.M.,

    **Plaintiff,**

v.

MERRY CAGLE, in her individual capacity,

    **Defendant.**

1:12-cv-1104-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendant Merry Cagle's Motion to Dismiss [4]. Also before the Court is Defendant Merry Cagle's Motion to Stay [5].

**I.  BACKGROUND**

This is a civil rights action, brought under 42 U.S.C. § 1983, by Plaintiff Anji Reddy Bodana, D.V.M. ("Plaintiff"), a veterinarian licensed by the State of Georgia, against Defendant Merry Cagle ("Defendant"), a former investigator for the Georgia Secretary of State.

    A.    <u>Relevant Factual Allegations</u>

Plaintiff alleges that, in December 2001, he opened a veterinary clinic in Cobb County, Georgia. In November 2003, various federal and state law enforcement officers and investigators inspected and photographed Plaintiff's

clinic.  This investigation did not result in any action against Plaintiff.

In December 2006, Defendant, working as an investigator for the Georgia Secretary of State, inspected and photographed Plaintiff's clinic.  This inspection resulted in Plaintiff being cited by the Georgia Board of Veterinary Medicine ("Veterinary Board") for various violations.  Plaintiff responded to the Veterinary Board and corrected the alleged violations.  In May 2007, Defendant performed a follow-up inspection of Plaintiff's clinic, and she found no violations.

In January 2008, Defendant performed another inspection of Plaintiff's clinic.  Following this inspection, Plaintiff alleges that Defendant, "as a complaining witness," presented false and misleading information to the Veterinary Board and the Georgia Attorney General.  Plaintiff specifically alleges that Defendant intentionally misrepresented the findings of her January 2008 inspection by presenting certain photographs of the clinic as having been taken during the inspection even though the photographs had been taken on an earlier date.

As a result of Defendant's actions, Plaintiff alleges that the Veterinary Board and the Attorney General charged him with "various violations of rules and regulations governing veterinarians."[1]  In connection with these charges, Plaintiff

---

[1] Plaintiff specifically alleges that,

was subject to an administrative hearing.[2]

    B.    Procedural History

On March 30, 2012, Plaintiff filed this action asserting a civil rights claim under 42 U.S.C. § 1983.[3] Plaintiff alleges that Defendant violated his constitutional rights in connection with her actions as a "complaining witness" providing allegedly false information to the Veterinary Board and Attorney

---

> [a]s a direct and consequential result of the intentional use of false and misleading inspection reports, incorrect photographs and false information provided by Defendant to the Veterinary Board and Attorney General, the Plaintiff was fraudulently charged with various violations of rules and regulations governing veterinarians, and was denied due process under the Fourteenth Amendment to the United States Constitution.

(See Compl. [1] ¶ 25.)

[2] The Complaint does not allege the outcome of the hearing. With her Motion to Dismiss, Plaintiff submitted portions of the administrative record showing that, after multiple hearings before the Veterinary Board and appeals to the Superior Court, the proceedings ultimately resulted in Plaintiff being penalized for certain regulatory violations. (See generally Def.'s Exs. 8–9 [4-11, 4-12].) Plaintiff does not dispute this evidenc.

[3] On February 23, 2011, Plaintiff filed in this Court a lawsuit, based on the same alleged conduct, against Defendant (the "Original Action"). See generally Complaint, Bodana v. Cagle, No. 1:11-cv-539-WSD (N.D. Ga. Feb. 23, 2011), ECF No. 1. On September 30, 2011, Plaintiff filed a notice of voluntary dismissal, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, of the Original Action. See Voluntary Dismissal Without Prejudice, Bodana v. Cagle, No. 1:11-cv-539-WSD (N.D. Ga. Feb. 23, 2011), ECF No. 14.

General.[4]

On June 4, 2012, Defendant filed her Motion to Dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant seeks dismissal on the grounds that (i) the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine, (ii) Plaintiff's Complaint, on its face, is time barred, (iii) Plaintiff's Complaint fails to state a claim for relief under 42 U.S.C. § 1983, and (iii) Defendant is entitled to immunity.[5]

## II.   DISCUSSION

### A.   Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences."  Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010).  Although reasonable inferences are made in the plaintiff's favor,

---

[4] In subsequent briefing to the Court, Plaintiff has made clear that he asserts a claim based only on Defendant's actions "as a complaining witness" prior to Plaintiff's administrative hearing.  (Pl.'s Br. [7] at 3–4.)  Plaintiff does not assert any claims based on the hearing itself, including Defendant's testimony at the hearing.  (Id.)

[5] On June 18, 2012, Defendant filed her Motion to Stay seeking a stay of discovery pending the resolution of the Motion to Dismiss.  Because this Order decides the Motion to Dismiss, the Motion to Stay is denied as moot.

4

"'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)).  Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true.  See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)).  Mere "labels and conclusions" are insufficient.  Twombly, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

B.     <u>Analysis</u>[6]

  1.   *Failure to Allege a Constitutional Violation*

Under 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C. § 1983.  To state a claim for relief under § 1983, a plaintiff must allege that "(1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law."  <u>Richardson v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010).

---

[6] Because the Court must resolve jurisdictional questions before turning to the merits of a dispute, <u>see, e.g.</u>, <u>CAMP Legal Defense Fund, Inc. v. City of Atlanta</u>, 451 F.3d 1257, 1269 (11th Cir. 2006), the Court first addresses Defendant's argument under the <u>Rooker-Feldman</u> doctrine.  The <u>Rooker-Feldman</u> doctrine is a jurisdictional rule that precludes district courts from reviewing state court judgments.  <u>Nicholson v. Shafe</u>, 558 F.3d 1266, 1270 (2009).  It applies only in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  <u>Id.</u> at 1274 (quoting <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 284 (2005)).  Plaintiff does not seek a "review and rejection" of his disciplinary action.  He seeks monetary damages against Defendant, who was a witness, not a party, in Plaintiff's state action, for alleged constitutional violations preceding the state action. <u>Rooker</u>-<u>Feldman</u> does not apply, and the Court has subject matter jurisdiction over this case.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).  Thus, "[t]he factors necessary to establish a [§ 1983] violation will vary with the constitutional provision at issue." Iqbal, 556 U.S. at 676.  For example, where the constitutional claim is invidious discrimination in violation of the First and Fifth Amendments, "the plaintiff must plead . . . that the defendant acted with discriminatory purpose." Id. (citing Church of Lukumi Babalu Aye, Inc. v. Hialeah, 508 U.S. 520, 540–41 (1993); Washington v. Davis, 426 U.S. 229, 240 (1976)).

The Court is not able to undertake an analysis of any "factors" here because Plaintiff's Complaint does not specify a particular constitutional or federal right that Defendant violated.  The source of Plaintiff's claim appears to be his allegation that Defendant "presented false and misleading information about the January 3, 2008 inspection."  (See Compl. [1] ¶ 20.)  The Complaint does not identify the particular right of which he was deprived because of this alleged conduct.  Cf. Coates v. Natale, 409 F. App'x 238, 240 (11th Cir. 2010) (holding that plaintiff failed to state a § 1983 claim "because she failed to identify any fundamental rights that were violated").

7

In the only paragraph of the Complaint mentioning a constitutional provision, other than the introductory paragraph, Plaintiff alleges:

> As a direct and consequential result of the intentional use of false and misleading inspection reports, incorrect photographs and false information provided by Defendant to the Veterinary Board and Attorney General, the Plaintiff was fraudulently charged with various violations of rules and regulations governing veterinarians, and was denied due process under the Fourteenth Amendment to the United States Constitution.

(See Compl. [1] ¶ 25.)  This allegation is not sufficient to show a specific constitutional violation by Defendant.  First, this paragraph alleges that Plaintiff was denied "due process" by "the use" of the allegedly false materials by someone *other* than Defendant—not that Defendant herself deprived Plaintiff of "due process" by giving over the materials.  Second, even if the Court construed this allegation as applying to Defendant, a general assertion of a denial of "due process" under the Fourteenth Amendment is far too vague and conclusory to inform the Court of the particular constitutional right at issue.  See Taylor ex rel. Walker v. Ledbetter, 818 F.2d 791, 794 (11th Cir. 1987) (noting that that the Fourteenth Amendment's Due Process Clause includes "procedural" and "substantive" rights and that the "substantive" rights include "rights such as those listed in the Bill of Rights and those rights held to be so fundamental that a state may not take them away"); see also County of Sacramento v. Lewis, 523 U.S. 833,

841 n.5 (1998) (citing Graham v. Connor, 490 U.S. 386, 394 (1989)) (noting that first step in evaluating a § 1983 Due Process claim is to "identify the exact contours of the underlying right said to have been violated").  Because each of the numerous rights encompassed by the Fourteenth Amendment has its own "factors" that a plaintiff must plead, see Iqbal, 556 U.S. at 676, and Plaintiff's Complaint does not allege any particular right, the Court finds that the Complaint fails to state a claim for a constitutional violation.  On this basis, Defendant's Motion to Dismiss is required to be granted.

In his brief, but not in the Complaint, Plaintiff argues that the constitutional violation at issue here is "analogous to a situation where an investigating law enforcement officer uses or plants false evidence to obtain a conviction."  (Pl.'s Br. [7] at 23.)  The Court does not consider this argument because, on the Motion to Dismiss, the Court looks only at the allegations in the Complaint, not Plaintiff's arguments in his brief.  See, e.g., Harper v. Lawrence County, 592 F.3d 1227, 1232 (11th Cir. 2010).  Even if the Court considered Plaintiff's argument, however, Plaintiff does not offer any explanation of the "contours" of his proposed constitutional right, see Lewis, 523 U.S. at 841 n.5, but simply cites two cases: Napue v. Illinois, 360 U.S. 264 (1959), and Riley v. City of Montgomery, 104 F.3d 1247 (11th Cir. 1997).  Neither of these cases readily applies to the facts alleged

here.

In Napue, the Supreme Court held that a criminal defendant is denied Fourteenth Amendment rights when a prosecutor knowingly allows a witness to testify falsely at trial.  360 U.S. at 269–70.  Plaintiff has expressly disclaimed Defendant's testimony at the administrative hearing as the basis for his claim, and Napue thus does not apply or support Plaintiff's argument.

In Riley, the Eleventh Circuit held that a police officer's planting of false evidence at a crime scene "could constitute a violation of Plaintiff's rights under the Federal Constitution and, accordingly, could give rise to liability under Section 1983."  104 F.3d at 1253 (citing Schneider v. Estelle, 552 F.2d 593, 595 (5th Cir. 1977)).  Although not explicit in Riley, the Eleventh Circuit has explained that a police officer's planting or fabricating of evidence constitutes malicious prosecution in violation of the Fourth Amendment.  See Uboh v. Reno, 141 F.3d 1000, 1002–03 & n. 4 (11th Cir. 1998).  The elements of a malicious prosecution claim include: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused."  Wood v. Kesler, 323 F.3d 872, 881–82 (11th Cir. 2003) (citing Uboh, 141 F.3d at 1004).

Plaintiff here does not allege the elements of malicious prosecution.  First,

Plaintiff was not criminally prosecuted.  Although some courts have held that the *tort* of malicious prosecution, under state law, may extend to certain administrative proceedings, see, e.g., Greer v. DeRobertis, 568 F. Supp. 1370, 1376 (N.D. Ill. 1983) (applying Illinois law); but see Taylor v. Greiner, 277 S.E.2d 13, 15 (Ga. 1981) (holding that professional licensure proceeding does not give rise to "malicious use of process" claim), Plaintiff has not cited, and the Court is not aware of, any authority extending Fourth Amendment malicious prosecution liability to state investigators giving false information in connection with civil professional regulatory proceedings.[7]  Second, even the Court "analogized"

---

[7] This lack of authority is sufficient to show that Defendant is entitled to qualified immunity.  Qualified immunity protects government officials who perform discretionary functions from suits in their individual capacities, unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  The parties do not dispute that all of Defendant's alleged actions occurred while she was acting within the scope of her authority as an investigator.  See Lee, 284 F.3d at 1194.  Defendant is thus immune "[u]nless the plaintiff's allegations state a claim of violation of clearly established law."  See Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003) (quoting Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001)) (alteration in original).  For a violation to be "clearly established," the plaintiff must be able to cite direct legal authority sufficient to have given the defendant "fair warning" that his treatment of the plaintiff was unconstitutional. Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1199–1200 (11th Cir. 2007).  Because there is no authority extending constitutional malicious prosecution liability to civil proceedings, the Court cannot conclude that Defendant here had "fair warning" of a constitutional violation.

Plaintiff's administrative proceeding to a criminal prosecution, Plaintiff has not alleged that the proceeding terminated in his favor.[8]  See Uboh, 141 F.3d at 1004 (explaining that a malicious prosecution claim requires a showing that the underlying prosecution terminated in plaintiff's favor to "prevent[] parallel litigation over the issues of probable cause and guilt and the possible creation of conflicting resolutions arising out of the same or identical transactions" (citing Heck v. Humphrey, 512 U.S. 477, 484 (1994))).  Plaintiff's allegations are thus not sufficient to state a claim for malicious prosecution for falsifying evidence.[9]

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Merry Cagle's Motion to Dismiss [4] is **GRANTED**.  This is action is **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant Merry Cagle's Motion to Stay [5] is **DENIED AS MOOT**.

---

[8] The Court notes that evidence submitted by Defendant, and not disputed by Plaintiff, conclusively establishes that the administrative proceeding resulted in a ruling adverse to Plaintiff.

[9] Because the Court concludes that Plaintiff's Complaint fails to state a claim upon which relief can be granted, the Court does not reach Defendant's arguments regarding the statute of limitations.

**SO ORDERED** this 13th day of March, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE